IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| EDWARD GRAZIANO,<br><br>Plaintiff<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, LT. DEAL, LT. HAGGERTY, CERT OFFICERS # 1-6, BRIAN BYERS, LIBRARIAN CRILEY, DERECK F. OBERLANDER, SUSAN R. ADAMS, EARNEST MONGELLUZZO, LISA REEHER, THERESA BIEL, ANGEL F. GRESSEL, BRUCE SIMONS, RICHARD CAMACHO, KIMBERLY SMITH, KEVIN COWAN, ANDREW LESLIE, YVETTE PERRIN, GREGORY MILLER, MICHELLE CROWTHER, LISA FISCUS, LT. BOGARDUS, CO 1 MORGAN, CO 1 MINICH, CO 1 WITNESS OF DC-141, PART D2, LT. DICKEY, ERIN MILLER, ROSS MILLER, CENTURION, AND; AND WELLPATH,<br><br>Defendants | ) | 1:22-CV-00163-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION ON PENDING MOTIONS<br><br>IN RE: ECF NOS. 1, 8, AND 12 |

Three motions filed by Plaintiff Edward Graziano ("Graziano") are currently pending: a motion to seal the record (ECF No. 1); a motion for leave to take discovery (ECF No. 8); and a motion for the appointment of counsel (ECF No. 12). This memorandum opinion addresses each motion.

I. Motion to Seal the Record will be DENIED.

Graziano's first motion asks the Court to seal the record in this case. *See* ECF No. 1. The motion to seal will be denied.

There is a "strong presumption" of full openness of judicial records, a common law right of access that is "beyond dispute." *Miller v. Indiana Hosp*., 16 F.3d 549, 551 (3d Cir. 1994) (citing *Littlejohn v. BIC Corp*., 851 F.2d 673, 677-78 (3d Cir. 1988)). Graziano, as the party seeking to seal the judicial record, "bears a heavy burden of showing that disclosure of the record will 'work a clearly defined and serious injury.'" *Id*., at 551 (citing *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Although the presumption of openness is rebuttable and not absolute, the injury must be serious enough to overcome considerations related to maintaining the public's confidence in the judicial system. *See Goldstein v. Forbes (In Re Cendant Corp.),* 260 F.3d 183, 192 (3d Cir. 2001). "Specificity of the injury to be prevented is essential, and broad allegations of harm are insufficient." *Strike 3 Holdings, LLC v. Doe*, 2022 WL 2274473, at *2 (D.N.J. June 23, 2022) (citing *Goldstein*, 260 F.3d at 194).

Graziano has not met his burden. He moves for an order sealing "the record in this case to protect his medical privacy," noting that the Complaint "contains information concerning the Plaintiff's medical and mental health conditions and medical records." *Id.* at p. 1. But these allegations of harm are vague and conclusory, not specific and serious. *See, e.g., Strike 3 Holdings LLC v. Doe*, 2022 WL 2276352, at *4 (E.D. Pa. June 22, 2022). Moreover, while Graziano's Complaint mentions medications he has been prescribed and certain diagnoses he has received, it does not reference specific medical records or quote from them. *See, e.g., Hoffman v. Genpact*, 2022 WL 584497, at *4 (M.D. Pa. Feb. 25, 2022). Absent an identifiable

"compelling countervailing interest [] to be protected, Graziano's motion to seal fails. *See In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

However, the Court will not unseal this case for a period of fourteen (14) days. During that time, Graziano may file a motion identifying specific portions of the record and/or his Complaint he wishes to have redacted from public view. The Court will make a determination at that time regarding the redaction of the identified information. In the event Graziano fails to file a motion for specific redactions within fourteen days, this matter will be automatically unsealed on the Court's docket.

An order follows.

II. Graziano's Motion for Discovery will be denied.

Next, Graziano has filed a motion "for leave to take discovery." ECF No. 8. Here, Graziano seeks permission to conduct discovery so as to identify the members of the "CERT team #1-6" as well to obtain contact information or addresses for Defendants Byers, Gressel, Camacho, Centurion and Wellpath. ECF No. 8, ¶ 3. This motion will be denied.

First, although Graziano's Complaint has yet to be served, he has provided United States Marshal Service USM-285 forms as to Defendants Byers, Gressel, Camacho, Centurion and Wellpath. Each of these forms contains addresses for service. Thus, Graziano's motion for discovery of their "contact information and addresses" will be denied as moot.

Second, the motion to conduct discovery regarding the John Doe CERT Team defendants will be denied without prejudice. The "[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be

dismissed." *Blakeslee v. Clinton Cnty.*, 336 Fed. Appx. 248, 250 (3d Cir. 2009) (citations omitted). Because service has not yet been made on the named defendants[1], Graziano's motion for discovery will be denied, without prejudice, as premature. Once service has been effectuated on the named defendants, Graziano may renew his motion for discovery limited to information that may lead to the identification of the John Doe defendants.

An order follows.

III. Motion for the appointment of counsel will be denied.

Lastly, Graziano has moved for the appointment of counsel. *See* ECF No. 12. This motion will also be denied.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel under 28 U.S.C. § 1915(d). These factors have been affirmed many times as the appropriate bases for review. *See, e.g., Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron*, 6 F.3d at 155. The Court should not appoint counsel unless the claim has some merit. *Id.* If the Court finds that the claim has potential merit, it must then consider these factors to determine whether to appoint counsel:

1. the plaintiff's ability to present his or his own case;

2. the difficulty of the particular legal issues;

[1] The Court reminds Graziano that he has been ordered to provide a copy of his Complaint for service upon each Defendant listed in that pleading on or before August 27, 2022. *See* ECF No. 10. The failure to do so may result in a recommendation that this matter be dismissed for failure to prosecute. *Id.*

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or his own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron* at 155–57).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. There are also many cases in which district courts seek to appoint counsel but find no attorney willing to accept the appointment:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157 n.7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable, and a district court should not request counsel under § 1915 indiscriminately:

> Volunteer lawyer time is a precious commodity … Because this resource is available in only limited quantity, every assignment of

> a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id.* at 157.

While this Court would no doubt benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. This Court recognizes that practical considerations often dissuade attorneys from representing prisoners, including impediments to effective communication between attorney and client. Simply interviewing a prisoner client often requires a trip to a correctional institution, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the client can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these cases. Therefore, to manage the "precious commodity" of volunteer lawyer's time, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel. *Montgomery*, 294 F.3d at 499.

In his more than one hundred page Complaint, Graziano brings claims against more than thirty defendants for insufficient medical care, conspiracy, violations of the Americans with Disabilities Act, and other state law claims. *See* ECF No. 11. As noted *infra*., the Complaint has yet to be served. At this early stage of the litigation, the record is inadequate to determine whether these claims have any merit. For purposes of this motion, however, the Court will assume that Graziano's claims are potentially meritorious and will address his request under the six *Tabron* factors.

Graziano's case presents no special circumstances requiring the appointment of counsel. The first factor—the plaintiff's ability to present his own case—does not favor his motion. This is "'[p]erhaps the most significant' consideration." *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Montgomery*, 294 F.3d at 501). Graziano has shown his capability in several ways. The Complaint is neatly typed, contains numbered paragraphs, and is well-organized in its presentation of factual material in support of Graziano's claims. While not perfect in its grammar and structure, Graziano's submissions to the Court reveal that he is nonetheless literate and capable to articulating the facts upon which he bases his claims. His Complaint shows an understanding of the basis for his claims, provides factual allegations, and cites the constitutional rights and state law which he believes the Defendants have violated. His motion for appointment of counsel is also neatly typed. Each of these considerations suggests that Graziano possesses the ability to present his own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement.").

Although it is early in this litigation, Graziano's claims do not appear to present any particularly difficult legal issues. The Court recognizes the additional requirements Pennsylvania state law imposes upon a plaintiff asserting medical malpractice claims, but these requirements apply to all such claims whether filed by a prisoner or person at liberty, and Graziano has demonstrated his understanding of these requirements. Thus, the second *Tabron* factor also weighs against appointment of counsel. As for the remaining *Tabron* factors, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. Graziano's claims, however, do not appear to require particularly complex credibility determinations, or unusually burdensome discovery. This case does not appear that it "will be solely a swearing contest," or one that rests on credibility determinations. *Montgomery*, 294 F.3d at 505. Even though Graziano may be concerned about the cost of obtaining copies of his medical records, indigent litigants must bear their own litigation expenses. *Tabron*, 6 F.3d at 159.

As a pro se litigant, Graziano will also have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny. The Supreme Court instructed in Haines that pro se pleadings should be held to less stringent standards than formal pleadings drafted by lawyers). *See id.* at 520-21. This may benefit his case more than an attorney who is unfamiliar with the types of issues presented in prison litigation. "Absent special circumstances," Local Civil Rule 10.C states, "no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016) ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable

inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Given the foregoing, the Court concludes that the *Tabron* factors weigh against the appointment of counsel at this stage in the litigation. Graziano's motion for appointment of counsel (ECF No. 12) will be denied without prejudice. He may renew his motion, if he so desires, at later stages of this litigation.

An order follows.

DATED this 2nd 3rd day of August, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE