IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| EDWARD GRAZIANO,<br><br>          Plaintiff<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, LT. DEAL, LT. HAGGERTY, CERT OFFICERS # 1-6, BRIAN BYERS, LIBRARIAN CRILEY, DERECK F. OBERLANDER, SUSAN R. ADAMS, EARNEST MONGELLUZZO, LISA REEHER, THERESA BIEL, ANGEL F. GRESSEL, BRUCE SIMONS, RICHARD CAMACHO, KIMBERLY SMITH, KEVIN COWAN, ANDREW LESLIE, YVETTE PERRIN, GREGORY MILLER, MICHELLE CROWTHER, LISA FISCUS, LT. BOGARDUS, CO 1 MORGAN, CO 1 MINICH, CO 1 WITNESS OF DC-141, PART D2, LT. DICKEY, ERIN MILLER, ROSS MILLER, CENTURION, AND; WELLPATH, IAN GUSSTAFSON,<br><br>          Defendants | 1:22-CV-00163-SPB<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF IDENTIFYING DEFENDANTS<br><br>IN RE: ECF NO. 45 |

Plaintiff Edward Graziano ("Graziano"), a prisoner incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), filed this *pro* se civil rights and state law action pursuant to 42 U.S.C. § 1983. ECF 11. Plaintiff alleges that Defendants have violated the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, Americans with Disabilities Act, and Pennsylvania tort law. *Id.* Defendants include the Pennsylvania Department of Corrections ("DOC") and numerous DOC employees. Deputy Attorney Matthew C. Gill ("Gill") has entered an appearance on these Defendants' behalf. Defendants also include

1

CERT Officers #1-6 and CO1 Witness of DC-141, Part 2D (collectively, "John Doe Defendants") – unidentified individuals allegedly employed by the PA DOC as SCI-Forest Corrections Officers. ECF No. 11, ¶¶ 30, 206. The John Doe Defendants have not been served, and no attorney has entered an appearance for them. **ECF No.** 26. Graziano's present motion seeks an order permitting limited discovery for the purpose of identifying the John Doe Defendants and Librarian Criley or, in the alternative, "direct[ing] the PA DOC to disclose their identities." ECF No. 45. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

   I.   Legal Standard

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). As such, "courts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery." *Teets v. Doe One*, 2021 WL 808572, at *1 (W.D. Pa. Mar. 3, 2021). While a standard for assessing motions for early or expedited discovery has not been announced by the Third Circuit Court of Appeals, "[t]he prevailing approach in this Circuit is to apply the 'good cause' or reasonableness standard." *Robson Forensic, Inc. v. Shinsky*, 2022 WL 1198228, at *3 (E.D. Pa. Apr. 22, 2022), *appeal dismissed*, 2022 WL 17037664 (3d Cir. Sept. 12, 2022) (citing *Bath Auth., LLC v. Anzzi LLC*, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018)). *See also Samuel, Son & Co. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013).

This good cause standard requires the court to "consider[] the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party." *Teets*, 2021 WL 808572, at \*1 (citing *Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at \*4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); *Leone v. Towanda Borough*, 2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery)). Apropos to the instant case, the Third Circuit instructs that

> [t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps.... For instance, our cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery.... [and] access to discovery may well be critical.

*Id.*, at \*2 (quoting *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (internal citations omitted) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))). In such situations, courts generally grant the plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Stroman v. Lower Merion Twp.*, 2007 WL 475817, at \*6 (E.D. Pa. Feb. 7, 2007) (quoting *Alston*, 363 F.3d at 233 n.6) (quoting *Gillespie*, 629 F.2d at 642)).

II.     Discussion

Graziano's motion requests "limited discovery . . . to obtain the identities of CERT OFFICERS #1-6; Librarian Criley, and CO1 Witness of DC-141, Part 2d and properly serve[] those Defendants Copies of Plaintiff's Complaint." ECF No. 45. Alternatively, Plaintiff request that the PA DOC is directed "to disclose their identities . . . within a reasonable and timely timeframe for the stated purposes." *Id*. Plaintiff's motion does not proffer which methods of

discovery he intends to use in order to discern the identities of these Defendants. The Court will address the Defendants in turn.

As to Librarian Criley, it appears her identity is, in fact, known as confirmed by Graziano's use of her last name and position and Attorney Gill's entry of an appearance for her. *See* ECF No. 26. Accordingly, the request to conduct limited discovery to obtain the identity of Ms. Criley is denied as moot.[1]

The Court now turns to Graziano's request for discovery to ascertain the identities of the John Doe Defendants. Graziano asserts four claims against CERT Officers #1-6: an Eighth Amendment excessive force claim, and state tort law claims of assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. ECF No. ¶¶ 442-46, 451-53, 491-96. These claims are based upon an incident alleged to have occurred on the evening of April 18, 2019. According to the Complaint, that night, Lt. Deal and "six (6) Corrections Emergency Response Team (CERT) members, who were wearing riot helmets, gas masks and jackets, and carrying shields, batons and a tear gas (Oleoresin Capsicum (OC)) dispensers (hereinafter "pepper spray")," sprayed Graziano with pepper spray while he was in his cell, and "then charged into Plaintiff's cell, placed handcuffs and shackles on him then took him to the infirmary lobby." ECF No. 11, ¶¶ 207-212. After he was treated by "standby medical staff," these Defendants allegedly "t[ook] Plaintiff to the RHU," where they then physically assaulted him before leaving him "in a cold RHU cell without a mattress, bed-sheets, blanket, towel, toiletries or clothing except the suicide smock" he was wearing. *Id.*, ¶ 213-215.

Graziano asserts five claims against Defendant "CO1 Witness of DC-141, Part 2D": an Eighth and Fourteenth Amendment due process claim; First, Eighth, and Fourteenth Amendment

---

[1] Graziano's omission of her first name apparently has not caused any confusion regarding her identity.

4

civil conspiracy claim; false imprisonment claim; and state tort law claims of intentional and negligent infliction of emotional distress. ECF No. 11, ¶¶ 457-58, 461-67, 491-96.  Graziano bases these claims against CO1 Witness of DC-141, Part 2D on his alleged participation, along with Defendants Hex Fiscus and CO1 Minich, in signing "a hearing waiver on January 8, 2021, falsely attesting that Plaintiff refused to attend the . . . misconduct hearing on January 8, 2021...." ECF No. 11, ¶ 311.[2]

Based upon the foregoing and considering the totality of circumstances, the Court finds that good cause exists to permit Graziano to conduct limited early discovery to ascertain the identities of CERT Officers #1-6 and CO1 Witness of DC-141, Part 2D. *See e.g., Alston*, 363 F.3d 229; *Teets*, 2021 WL 808572.  Allowing Graziano to identify these Defendants should expedite service upon them and allow this action to proceed without undue delay.  This need outweighs any prejudice that may result, as discovery limited only to identifying these Defendants and their alleged involvement in the incident described above, should impose little burden on the Defendants.  Fed. R. Civ. P. 26 (b) (1) (defining the scope of discovery as proportional and relevant). *See also Teets*, 2021 WL 808572, at *2 (limiting Plaintiff's early discovery to narrowly drawn subpoenas directly related to ascertaining the identities of John Doe Defendants).  Therefore, the Court grants Plaintiff motion for limited discovery to identify the John Doe Defendants.  At this stage of the litigation, discovery is limited to ascertaining the identity of these Defendants based on their participation in the alleged events on April 18, 2019 and January 8, 2021.

---

[2] The Court notes that this waiver is appended to the Complaint, and shows only *two* signatures. ECF No. 2-9, p. 11.

III.    Conclusion

Plaintiff's motion for limited discovery to identify Librarian Crowley is DENIED as moot. Plaintiff's motion for limited discovery to identify CERT Officers #1-6 and CO 1 Witness of DC-141, Part 2D is GRANTED.  Graziano will have until **February 26, 2023,** ninety days from the date of this Order, to conduct such limited discovery.  Upon ascertaining the names of these Defendants, Plaintiff should promptly seek leave to amend his Complaint to substitute their names and to effectuate service.

SO ORDERED this 28th day of November, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE