IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| EDWARD GRAZIANO, | ) |
| | ) 1:22-CV-00163-RAL |
| Plaintiff | ) |
| | ) RICHARD A. LANZILLO |
| vs. | ) Chief United States Magistrate Judge |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) MEMORANDUM ORDER ON MOTION |
| CORRECTIONS, et al, | ) TO ADD DEFENDANTS AND CLAIMS |
| | ) |
| Defendants | ) ECF NO. 121 |
| | ) |

Pending before the Court is Plaintiff Edward Graziano's motion for leave to add Defendants and claims to his Complaint. ECF No. 121. Graziano, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this *pro se* action against the DOC, fifteen named DOC employees, seven DOC employees identified as "John Doe" Defendants (collectively, "DOC Defendants"),[1] two private companies contracted to provide medical services to DOC inmates (Centurion and Wellpath), three Centurion employees, and one Wellpath employee.[2] *See* ECF 11. The Complaint asserted seventeen claims pursuant to 42 U.S.C. § 1983, a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and four

---

[1] All individual DOC Defendants except two are employed at the DOC's State Correctional Institution at Forest ("SCI-Forest"), where Graziano was previously incarcerated. They are: Superintendent Oberlander, Deputy Superintendent Adams, Deputy Superintendent Mongelluzzo, Facility Grievance Coordinator Reeher, Administrative Officer Biel, Licensed Psychology Manager Simons, Corrections Health Care Administrator Smith, Psychology Service Specialist Cowan, Corrections Classification and Program Manager Gustafson, Unit Managers Perrin, Miller and Crowther, Hearing Examiner Fiscus, Lieutenant Bogardus, and Corrections Officers Morgan, and Minich. The Complaint also refers to one of the DOC Defendants as "CO1 Witness of DC-141, Part 2D". ECF No. 11, ¶ 30. *See id.*, ¶¶ 10-15, 17, 19, 20, 21, 23-29. The remaining individual DOC Defendants are employed at SCI-Camp Hill: Lt. Dickey, Corrections Counselor Miller, and Unit Manager Miller. *See* ECF No. 11, ¶¶ 31-33.

[2] The Centurion employees are Certified Registered Nurse Practitioners Gressel and Byers and Dr. Camacho. The Wellpath employee is Nurse Practitioner Leslie. *See* ECF No. 11, ¶¶ 16, 18, 22.

Pennsylvania state tort law claims.[3] On September 30, 2023, the Court issued a Memorandum Opinion and Order on the Centurion Defendants' motion to dismiss (ECF No. 70) and the DOC Defendants' motion to dismiss (ECF No. 60) that resulted in the dismissal of thirteen of the twenty counts of the Complaint and the claims against eighteen of the twenty-nine Defendants.[4]

Graziano's pending motion seeks leave to amend the Complaint to add claims against one terminated Defendant Nurse Practitioner Bryan Byers, and two new SCI-Forest medical personal, Alex McGill and Richard Dyers. He seeks to assert six claims against them: a Pennsylvania state law assault and battery claim and five Eighth Amendment claims for "failing to protect [Graziano] from self-harm," depriving him of shelter, and acting with deliberate indifference to his mental illness, medical conditions and "the substantial risk of serious harm to [his] future health and safety." ECF No. 122. For the following reasons, the motion will be DENIED.

I.   Standard of Review

Under Federal Rule of Civil Procedure 15, once a Complaint can no longer be amended as a matter of right, it may only be amended again "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying a motion for leave to amend or supplement a pleading is within the discretion of the court, *Krantz v. Prudential Investments Fund Management LLC*, 305 F.3d 140, 144 (3d Cir.2002), and leave "should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Houser v. Pennsylvania Dep't of Corr.*, 2015 WL 853668, at *2 (W.D. Pa.

---

[3] The state law claims are assault and battery (Count VIII), false imprisonment (Count XII), intentional infliction of emotional distress (Count XIX), and negligent infliction of emotional distress).

[4] The remaining claims and Defendants are: (1) an ADA Title II claim against the PA DOC; (2) an Eighth Amendment excessive force claim against Oberlander, Deal, Dickey, Haggerty, and CERT Officers # 1-6; (3) an Eighth Amendment failure to protect claim against Oberlander and Dickey; (4) a state law assault and battery claim against Oberlander, Deal, Dickey, Haggerty, and CERT Officers # 1-6; (4) a First Amendment retaliation claim against Oberlander; (5) a First Amendment retaliation claim against Oberlander; and (6) an Eighth Amendment deliberate indifference to serious medical needs claim against Leslie. *See* ECF No. 106.

2

Feb. 26, 2015) (citing *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)). The Third Circuit instructs courts to take a "liberal approach to the amendment of pleadings." *Williams v. Overmyer*, 2020 WL 4060656, at *2 (W.D. Pa. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 4057651 (W.D. Pa. July 20, 2020) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Nevertheless, "refusal to allow a supplemental pleading is 'entirely justified' when the matters alleged in the supplemental pleading 'have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties.'" *Id.* (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1506 at 551 (1971)). Likewise, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave." *Houser*, 2015 WL 853668, at *2 (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). When considering the issue of delay, the Third Circuit has explained that:

> [T]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party. The question of undue delay, ..., requires that we focus on the plaintiff's motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

*Moore*, 2008 WL 11509966, at *3 (quoting *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied.*, 469 U.S. 1122).

II.  Discussion

With these principles in mind, the Court turns to the instant motion. Graziano asserts that his new allegations and claims arise from "the personal involvement [McGill, Byers, and Dyer] had in the events that led to the use of force incident between the 17[th] and 19th of April, 2019." ECF No. 121. Specifically, he argues that CRNP Byers and "on-call psych" Dyer facilitated the

3

use of excessive force and imposition of disciplinary action against him by "clearing [him] for RHU placement in the face of [his] expressed and manifest suicidal state," and RN McGill "essentially directed the use of OC [spray] ... by clearing [him] for OC [spray] despite [his] chronic medical conditions." ECF No. 122, p. 2. Although Graziano attempts to cast his proposed claims against the new defendants precipitating other officers' improper use of force, it is apparent from his assertions that these proposed claims are based on the new defendants' medical or mental health decisions.

The alleged conduct upon which Graziano bases the claims of his proposed supplemental pleading occurred before he filed his original Complaint. He attempts to explain his delay in raising this conduct by asserting that "he only recently became aware [of Byers, Dyer, and McGill's personal involvement] through limited discovery." *Id.* (internal citations omitted) (citing ECF Nos. 91, 93). However, Defendants served their responses to Graziano's limited discovery on April 17, 2023. *See* ECF No. 93. Graziano does not attempt to explain or justify the more than seven-month delay between service of the discovery materials and his request for leave to add the new defendants and claims. Under the Court's Case Management Order (ECF No. 116), discovery is scheduled to conclude on February 5, 2024. Granting Graziano's instant motion would require the Court to suspend and reset all deadlines while Byers, McGill, and Dyer are served with Graziano's 510-paragraph, 22-count Complaint and supplement and then allow the new defendants sufficient time to respond to the allegations and claims against them. If any of the claims were to survive a likely initial motion to dismiss, the new defendants would then be entitled to propound their own discovery upon Graziano. These circumstances demonstrate both Graziano's undue delay in seeking leave to amend and the significant prejudice to the defendants and the judicial process that would result if the Court were to grant his request. Moreover, given that the Court

previously dismissed with prejudice the claims against SCI-Forest medical personnel, including Byers, concerning the mental health treatment and care Graziano describes in his Complaint and supplemental pleading, the proposed amendment to add variations of essentially the same claims would be futile and highly inequitable.

III.  Conclusion

Graziano's motion to amend the Complaint to add defendants and claims (ECF No. 121) is therefore DENIED.

DATED: January 2, 2024

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE